**KIRKLAND & ELLIS LLP**
Robyn E. Bladow (State Bar No. 205189)
robyn.bladow@kirkland.com
2049 Century Park East
Suite 3700
Los Angeles, CA 90067
Telephone: (213) 680-8634

Renee D. Smith (*pro hac vice* application to be filed)
renee.smith@kirkland.com
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2310

*Attorneys for General Motors LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| MATTHEW BARBA AND RENZO CALVO-SAEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GENERAL MOTORS LLC, a Delaware Limited Liability Company,<br><br>Defendant. | CASE NO. 8:26-cv-00360<br><br>CALIFORNIA STATE COURT CASE NO. 30-2026-01539616-CU-FR-CXC<br><br>**NOTICE OF REMOVAL OF ACTION BY DEFENDANT GENERAL MOTORS LLC PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1453, 1446** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1456, Defendant General Motors LLC ("GM") hereby removes the above-titled action from the Superior Court for the State of California, County of Orange, to the United States District for Court for the Central District of California, Southern Division, and states as follows.

## INTRODUCTION

1. The removed case is a civil action filed on January 12, 2026, in the Superior Court for the State of California, County of Orange, entitled: *Matthew Barba, et al. v. General Motors LLC,* Case No. 30-2026-01539616-CU-FR-CXC ("Complaint" or "Compl."). The Complaint was served on GM on January 26, 2026, and is brought by two named plaintiffs—on behalf of a putative class—against defendant GM.

2. In the removed case, Matthew Barba and Renzo Calvo-Saez ("Plaintiffs") bring claims on behalf of a putative class of similarly situated individuals pursuant to Cal. Civ. Code §§ 1750, *et seq*. (Consumers Legal Remedies Act, or "CLRA") and Cal. Bus. & Prof. Code §§ 17200, *et seq*. (Unfair Competition Law, or "UCL") (together, "Plaintiffs' Claims"). (Compl. ¶¶ 293–327.) The gravamen of the removed case concerns an alleged "Shift Defect" in all model year 2019 GMC Sierra, Chevrolet Silverado, GMC Canyon, and Chevrolet Colorado vehicles equipped with GM's eight-speed Hydra-Matic 8L90 or Hydra-Matic 8L45 transmissions that were manufactured after March 1, 2019. (*Id*. ¶¶ 1–2.)

3. In August 2025, these same Plaintiffs, represented by the same counsel, tried to bring nearly identical claims as part of an existing putative class action in the United States District Court for the Eastern District of Michigan before the Honorable Mark A. Goldsmith in *Helms v. General Motors LLC*, Case No. 22-cv-10783, ECF No. 117 (E.D. Mich.). On November 25, 2025, Judge Goldsmith denied the *Helms* plaintiffs leave to amend their complaint to add in these Plaintiffs as class representatives for proposed California classes. *See Helms*, ECF No. 138. About six weeks later (on January 12, 2026),

Plaintiffs filed this nearly identical Complaint in California state court. *Compare* Compl. ¶ 2 *with e.g.*, *Helms*, ECF No. 116, 2d Am. Compl. ¶ 3 ("The first generation 8L90 and 8L45 transmissions built after March 1, 2019, have a design defect based on a common architecture that causes 'harsh shifts' in lower gears, which can feel like jerking, lurching, and/or hesitations ('Shift Defect').").

4. In addition to *Helms*, there have been several other putative class actions making similar allegations of alleged transmission defect in earlier model years that have been filed in the United States District Court for the Eastern District of Michigan, including *Speerly v. General Motors LLC*, Case No. 19-cv-11044 (E.D. Mich.), and *Harper v. General Motors LLC*, Case No. 21-12907 (E.D. Mich.), which remain pending.

5. Removal of this action is appropriate because this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1441, 1453, 1446, and 1332(d) (the Class Action Fairness Act or "CAFA").

## STATEMENT OF JURISDICTION

6. Under CAFA, a district court has original jurisdiction over any case brought against a non-governmental entity like GM where (1) the case is a putative class action; (2) any class member is a citizen of a state different from any defendant; (3) the proposed class consists of at least 100 members; and (4) the aggregate amount in controversy exceeds $5,000,000, excluding interest and costs. 28 U.S.C. §§ 1332(d)(2), (d)(5), (d)(6). Defendants may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); *see also id*. § 1453(b) (authorizing removal of class actions). "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

7. To remove a case from state court, a defendant must file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Evidentiary submissions are not required. *Dart*, 574 U.S. at 83.

8. For the reasons described below, this action meets all CAFA requirements for original jurisdiction. Removal, therefore, is proper. *See* 28 U.S.C. § 1441.

## BACKGROUND

9. Plaintiffs Matthew Barba and Renzo Calvo-Saez—who initiated the removed action—are both California citizens and residents. (*See* Compl. ¶¶ 17–18.)

10. The sole member and owner of GM is General Motors Holding LLC, a Delaware limited liability company with its principal place of business in the State of Michigan, and the only member and owner of General Motors Holding LLC is General Motors Company, a Delaware company with its principal place of business in Michigan. (*See id.* ¶ 19.) GM is therefore a citizen of both Michigan and Delaware.

11. Plaintiffs seek to represent California residents who purchased in California the 2019 Chevrolet Colorado and Silverado, and the 2019 GMC Canyon and Sierra ("Class Vehicles"). (*Id.* ¶ 7.)

12. Plaintiffs allege that the first-generation Hydra-Matic 8L90 and 8L45 transmissions built after March 1, 2019, have a design defect based on a common architecture which causes a "Shift Defect" in the Class Vehicles, purportedly manifesting in "harsh shifts" in lower gears which can feel like jerking, lurching, and/or hesitations. (Compl. ¶ 2.) According to Plaintiffs, GM has long-standing knowledge of the Shift Defect from before the time of sale for all Class Vehicles. (*Id.* ¶ 9.) Plaintiffs do not allege they were in any accident or otherwise were personally injured as the result of any alleged defect, but instead bring claims seeking economic damages under the CLRA and UCL. (*See id.* ¶¶ 300-301, 304, 310, 321, 326.)

13. Plaintiffs seek monetary, compensatory, and punitive damages pursuant to the CLRA as well as restitution pursuant to the UCL. (Compl. ¶¶ 311, 327.) Plaintiffs also seek attorney's fees and costs pursuant to Cal. Civ. Code § 1780 and Cal. Code of Civ. Proc. § 1021.5. (*Id.* ¶ 328.)

14. Plaintiffs' requested relief puts the amount in controversy well above $5,000,000. (*See id.* ¶ 11 (alleging "GM itself estimates [it] would take over a thousand

dollars to repair to get them close to targets for Gen 2"), ¶ 24 (GM has sold "thousands of Class Vehicles").)

15. Accordingly, removal of this action to this Court is proper under 28 U.S.C. § 1441(a) because there is minimal diversity of citizenship between Plaintiffs and GM, the putative class exceeds 100 members, and the amount in controversy exceeds $5,000,000. This Court would, therefore, have had original jurisdiction of this matter under 28 U.S.C. § 1332(d) had the action been brought in federal court originally.

16. After this case is removed and the Clerk assigns this case a docket number, GM intends to move under 28 U.S.C. § 1404(a) to transfer this action to the District Court for the Eastern District of Michigan, where the *Helms* case and other putative class cases are pending.

## BASIS FOR JURISDICTION

### I. CAFA "CLASS ACTION" JURISDICTION UNDER 28 U.S.C. § 1332(D)

17. Removal is proper under the "class action" prong of CAFA. "Congress enacted CAFA in 2005 to 'curb perceived abuses of the class action device which, in the view of CAFA's proponents, had often been used to litigate multistate or even national class actions in state courts.'" *Corber v. Xanodyne Pharms., Inc.*, 771 F. 3d 1218, 1222 (9th Cir. 2014) (quoting *Tanoh v. Dow Chem. Co.*, 561 F.3d 945, 952 (9th Cir. 2009)). CAFA provides that a "class action" may be removed in accordance with 28 U.S.C. § 1446 if: (a) the purported class includes at least 100 members; (b) any purported class member is a citizen of a state that is different from any defendant; and (c) the aggregate amount in controversy exceeds $5,000,000. *See* 28 U.S.C. §§ 1332(d), 1453(b). In implementing this provision, Congress relaxed the traditional rules for diversity jurisdiction, requiring only "minimal" diversity among the parties and allowing aggregation of the jurisdictional amount-in-controversy. 28 U.S.C. § 1332(d)(6). These requirements are met here.

18. *First*, under section 1332(d), "the term 'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure *or similar State statute or rule*

*of judicial procedure* authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B) (emphasis added). Plaintiffs have brought the removed action pursuant to California's class action statutes, thus satisfying § 1332(d)(1)(B). (*See* Compl. ¶ 284 (citing Cal. Code of Civ. Proc. § 382; Cal. Rule of Court § 3.764).)

19. The putative class also includes at least 100 members. By Plaintiffs' count alone, GM has sold "thousands of Class Vehicles[.]" (*See id.* ¶ 24; *see also id.* ¶ 35 ("GM put the eight-speed transmission in hundreds of thousands of vehicles . . .").) Moreover, when Plaintiffs sought leave to join the *Helms* case to represent a California subclass of purchasers of MY 2019-2022 vehicles equipped with 8-speed transmissions manufactured after March 1, 2019, counsel argued that "California by far is the largest single purchaser of any of the class vehicles," with approximately "90,000 vehicles out here." (10/10/2025 Hr'g Tr. at 13:2-9, *Helms*, ECF No. 128, PageID.3941.)

20. *Second*, CAFA's minimal diversity requirement is easily met here. Diversity is met under CAFA class action removal where "any member of a class of plaintiffs is a citizen of a State different from any defendant" or "any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state . . . ." 28 U.S.C. §1332(d)(2). Here, the named Plaintiffs are residents and citizens of California. (*See* Compl. ¶¶ 17–18.) GM, on the other hand, is a citizen of Delaware (its state of incorporation) and Michigan (its principal place of business). (*See id.* ¶ 19.)

21. *Third*, it is facially apparent from the Complaint that the amount in controversy exceeds $5 million when the "claims of the individual class members" are "aggregated." Plaintiffs claim that due to GM's misrepresentations and omissions, they suffered actual damages at the point of sale, diminution of value of their Class Vehicles, and repair costs. (*See* Compl. ¶¶ 304, 310, 321, 326.) Plaintiffs further allege that had they known about the Shift Defect, they would not have purchased the Class Vehicles of would have paid less for them. (*Id.* ¶ 307.) Although the applicable authority does not support a

full refund theory of damages here, that is what Plaintiffs' allegations purport to put at issue. *See Lokey v. CVS Pharm., Inc.*, 2020 WL 5569705, at *4 (N.D. Cal. Sept. 17, 2020) (allowing calculation of amount in controversy based on a full refund theory, where the plaintiff pled restitution as a "theory of recovery in the complaint" by claiming "she would not have purchased" the product had she known of the alleged misrepresentation). Multiplying these claimed damages alone by the "thousands" of alleged putative class members, (*id.* ¶ 24), supports an amount in controversy exceeding $5 million.[1]

22. Although the $5 million threshold is met simply based on the amount of restitution Plaintiffs seek on behalf of this putative class, Plaintiffs additionally seek monetary damages. As explained in paragraph 19, in seeking leave to join the *Helms* case, Plaintiffs' counsel estimated there were approximately 90,000 model year 2019-2022 California 8-speed vehicles. Even conservatively assuming model year 2019 vehicles comprise just 10% of these vehicles, *i.e.*, 9,000 vehicles, the $5 million threshold is easily met based under a restitution theory. Moreover, in one of the other pending putative class actions, the plaintiffs' expert opined the "cost for transmission modification or replacement to cure 'hard shift' issues was conservatively $1,250." *Won v. Gen. Motors, LLC*, 2022 WL 3010886, at *6 (E.D. Mich. July 28, 2022). Thus, even with conservative estimates for the putative class vehicle population and cost of repair, plaintiffs' compensatory damages claims are easily in excess of $5 million.

23. Plaintiffs' request for punitive damages pursuant to the CLRA also demonstrate the $5 million threshold is met. "[A] defendant that relies on potential punitive damages to satisfy the amount in controversy under CAFA meets that requirement if it shows that the proffered punitive/compensatory damages ratio is reasonably possible. And one way to establish that possibility is to cite a case involving the same or a similar statute in which punitive damages were awarded based on the same or higher ratio." *Greene v.*

[1] GM denies these and other allegations raised in the Complaint, including but not limited to Plaintiffs' entitlement to any relief, monetary or otherwise. Nonetheless, Plaintiffs have placed more than $5,000,000 in controversy.

*Harley-Davidson, Inc.*, 965 F.3d 767, 773 (9th Cir. 2020). While GM denies that punitive damages are warranted in this case, the Ninth Circuit has recognized that a 1:1 ratio of compensatory to punitive damages is reasonably possible for claims under the CLRA. *Id.* at 772. Thus, even if the total compensatory damages in controversy here amounted to $2.5 million, Plaintiffs' request for punitive damages ensures the minimum amount in controversy requirement would still be met.

24. Plaintiffs have also requested attorney's fees pursuant to Cal. Civ. Code § 1780 and Cal. Code of Civ. Proc. § 1021.5. (*Id.* ¶¶ 311, 327.) *See Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 793 (9th Cir. 2018) ("Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract."). "[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Id.* at 794. Although the Ninth Circuit has rejected a per se rule estimating fees as 25% of the total damages award, awards of 25% or higher are common in consumer class actions. *Id.* at 796 (noting that the Ninth Circuit had estimated reasonable attorneys' fees in common fund cases to be 25% of total recovery); *Hawkins v. Kroger Co.*, 337 F.R.D. 518, 532 (S.D. Cal. 2020), *reconsideration denied*, 2020 WL 8225732 at *1-2 (S.D. Cal. Dec. 29, 2020) (applying 25% and 32% for attorney's fees in a CLRA case to find that plaintiff had established CAFA's amount-in-controversy in original jurisdiction case).

25. Finally, Plaintiffs seek injunctive relief "permanently enjoining [GM] from engaging in the violations of [the CLRA.]" (Compl. ¶ 328.) The cost to comply with this requested injunctive relief increases the amount in controversy. *See Fritsch*, 899 F.3d at 793.

26. Thus, Plaintiffs have put more than $5 million in controversy through their claims for restitution, compensatory damages, injunctive relief, attorney's fees, and punitive damages.

27. For these reasons, CAFA's "class action" prong provides a basis for federal jurisdiction and removal to this Court.

## OTHER REQUIREMENTS FOR REMOVAL HAVE BEEN MET

28. On January 26, 2026, GM was served with the Complaint. Pursuant to 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, and orders served upon GM are attached to this Notice of Removal as Exhibit 1.

29. The Notice has been timely filed pursuant to 28 U.S.C. § 1446(b).

30. The Superior Court for the State California, County of Orange, is located within the Central District of California, Southern Division. *See* 28 U.S.C. § 84(c)(3). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

31. All defendants who have been properly served have consented to the removal of this action pursuant to 28 U.S.C. § 1446(b)(2)(A).

32. GM is serving written notification of the removal of this case on the following plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d):

Cody R. Padgett (SBN 275553)
Shahin Rezvani (SBN 199614)
Kathy Pham (SBN 329345)
CAPSTONE LAW APC
1875 Century Park East, Suite 1860
Los Angeles, CA 90067

33. GM promptly will file a Notice of Filing Notice of Removal, attaching a copy of this Notice of Removal, with the Clerk of the Superior Court, County of Orange, pursuant to 28 U.S.C. § 1446(d).

34. By removing this action, GM does not waive any substantive, jurisdictional, or procedural defenses.

## CONCLUSION

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, GM hereby removes this action from the Superior Court for the State of California, County of Orange, to the United States District Court for the Central District of California.

Dated: February 18, 2026

**KIRKLAND & ELLIS LLP**

By: *_/s/ Robyn E. Bladow*

Robyn E. Bladow (State Bar No. 205189)
robyn.bladow@kirkland.com
2049 Century Park East
Suite 3700
Los Angeles, CA 90067
Telephone: (213) 680-8634

Renee D. Smith
(*pro hac vice* application to be filed)
renee.smith@kirkland.com
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2310

*Attorneys for General Motors LLC*